## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Byron L. Perkins,

        Plaintiff,

v.

City of Minneapolis,

        Defendant.

Case No. 23-cv-3810 (ECT/ECW)

**ORDER AND
REPORT & RECOMMENDATION**

---

Plaintiff Byron L. Perkins filed the Complaint in this matter and paid the filing fee on December 14, 2023.  (Dkt. 1.)  The Complaint names a single Defendant, the City of Minneapolis.  (*See id.* at 1 (caption), 2 (defendant listing).)  A Summons for the City of Minneapolis issued the same day.  (Dkt. 2.)

On March 11, 2024, Perkins filed a proof of service.  (Dkt. 3.)  The proof of service states that the Summons is for "City of Minneapolis + Heather Robertson, Assistant City of Attorney" and was received by the server, Sheldon Grady, on March 9, 2024.  (*Id.*)  The proof of service indicates that Grady personally served the Summons "on the individual" at 350 S. 5th Street, Minneapolis, MN 55415 on March 10, 2024, but also indicates that Grady left the Summons "at the individual's residence or usual place of abode" with "Joe Morris" on March 11, 2024.  (*Id.*)

Perkins filed a Motion for Summary Judgment on April 22, 2024.  (Dkt. 4.)  the City of Minneapolis has not filed an answer or otherwise responded to the Complaint, nor

has the City of Minneapolis responded to the Motion for Summary Judgment or taken any other action with respect to this lawsuit.

Federal Rule of Civil Procedure 4 governs service of process and provides as to service on municipalities:

> (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A)   delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B)   serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2).  The Minnesota state law governing service of process of municipalities, Minnesota Rule of Civil Procedure 4.03(e)(2), provides that: "Service of summons within the state shall be as follows: (e) Upon Public Corporation. Upon a municipal or other public corporation by delivering a copy . . . (2) **To the chief executive officer or to the clerk of a defendant city**, village or borough."  Minn. R. Civ. P. 4.03(e)(2) (emphasis added); *see also Campbell v. Hennepin Cnty. Sheriffs*, No. 19-CV-1348 (DWF/ECW), 2020 WL 589547, at *8 (D. Minn. Jan. 21, 2020), *R. & R. adopted*, 2020 WL 586770 (D. Minn. Feb. 6, 2020).

It is apparent from the March 11, 2024 proof of service that Perkins has not properly effected service on the City of Minneapolis.  Under Federal Rule of Civil Procedure 4(j)(2) and Minnesota Rule of Civil Procedure 4.03(e)(2), Perkins must serve the Summons and Complaint on either the Mayor of the City of Minneapolis, who is the Chief Executive Officer of the City of Minneapolis, or on Casey Carl, who is the City

Clerk.  *See* https://lims.minneapolismn.gov/Appointments (stating "Under the City Charter, the Mayor is the Chief Executive Officer of the City and the head of its Administration" and identifying Casey Carl as the City Clerk).  As to Heather Robertson, the March 11, 2024 proof of service incorrectly identifies her as a person for whom the Summons issued.  (Dkt. 3.)  On the contrary, the Summons only issued as to the City of Minneapolis.  (Dkt. 2.)  Indeed, based on the Complaint, Heather Robertson is not a named Defendant in this action.  (Dkt. 1 at 1, 2.)  It is unclear what her role is with respect to the Complaint, and it is also unclear who "Joe Morris" is and why Grady (the server) thought he was an appropriate person to serve with the Summons and Complaint.

Moreover, under Rule 4, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  More than 90 days have passed since Perkins filed his Complaint, and as discussed above, he has not effected service.  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  It is unclear whether Perkins has good cause for his failure to effect service, although it appears that he has attempted to serve the City of Minneapolis.  The Court will therefore grant Perkins 30 days from the date of this Order, until **July 12, 2024**, to properly serve the Summons and Complaint on the City of Minneapolis, failing which the Court will recommend dismissal for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

The Court turns to the Motion for Summary Judgment filed by Perkins.  He bases

the Motion on the City of Minneapolis' failure to answer the Complaint by April 1, 2024. (Dkt. 4 at 1.)  Because Perkins has not effected service of the summons and Complaint, the Motion for Summary Judgment is premature.[1]  The Court therefore recommends denial of the Motion for Summary Judgment without prejudice to Perkins' ability to file a properly supported motion at an appropriate time.

Finally, Perkins is advised that although he is pro se (representing himself in this action), he is still required to comply with the Local Rules for the District of Minnesota, the Federal Rules of Civil Procedure, and this Court's Orders.  *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (holding that pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").  Perkins is advised that resources for pro se litigants such as himself are available at https://www.mnd.uscourts.gov/representing-yourself, and he can find links to the following Rules and the Pro Se Civil Guidebook at that site:

---

[1]    "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Indeed, "a federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements." *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). In other words, "[a]bsent service, the Court does not have jurisdiction over the Defendant[s] and could not enter a summary judgment against [them]." *Ontiveros v. Ontiveros*, No. 0:18-CV-1916 (WMW/KMM), 2019 WL 1459028, at *1-2 (D. Minn. Feb. 25, 2019), *R.&R. adopted*, 2019 WL 1455202 (D. Minn. Apr. 2, 2019).

- the Federal Rules of Civil Procedure (https://www.mnd.uscourts.gov/federal-rules);

- the Local Rules for the District of Minnesota (https://www.mnd.uscourts.gov/court-info/local-rules-and-orders); and

- the Pro Se Civil Guidebook (https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets).

The Court also will refer Perkins to the Federal Bar Association ("FBA") Pro Se Project by a separate letter.  The FBA Pro Se Project has a panel of volunteer lawyers who can often assist pro se litigants.  Once the referral is made, the Court encourages Perkins to contact the FBA and ask that organization to help him find a lawyer who can meet with him about this case.  Perkins should keep in mind that the FBA Pro Se Project is not obligated to find a lawyer to help him and no lawyer is obligated to represent him in this action.

## ORDER

Accordingly, and based on the files, records, and proceedings herein, **IT IS ORDERED THAT** on or before **July 12, 2024**, Plaintiff Byron L. Perkins must effectuate service of the Summons and Complaint on Defendant City of Minneapolis in compliance with Federal Rules of Civil Procedure 4 and Minnesota Rule of Civil Procedure 4.03.

## RECOMMENDATION

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Dkt. 4) be **DENIED WITHOUT PREJUDICE** as premature.

DATED:  June 12, 2024                           *s/Elizabeth Cowan Wright*
                                                ELIZABETH COWAN WRIGHT
                                                United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).