UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BYRON L. PERKINS, | Case No. 23-cv-3810 (LMP/ECW) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| CITY OF MINNEAPOLIS, | |
| Defendant. | |

Byron L. Perkins, Minneapolis, MN, *pro se*.

Heather P. Robinson, **Office of the Minneapolis City Attorney**, Minneapolis, MN, for Defendant.

     Plaintiff Byron L. Perkins ("Perkins") filed this suit against Defendant City of Minneapolis (the "City") asserting claims of failure to promote, retaliation, and harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. *See* ECF No. 1 at 4–5. The City seeks dismissal of Perkins's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 18. For the reasons set forth below, the Court grants the City's motion.

## BACKGROUND

     Perkins was an employee of the Surface Water and Sewer Division of the City's Public Works Department during the events described in his complaint.[1] *See* ECF No. 1-1 at 2–3. On June 29, 2018, the City suspended Perkins's employment without pay for two

---

[1] It is unclear from the pleadings whether Perkins is still an employee of the City.

weeks and banned him from applying for other positions with the City for three years, though Perkins does not explain why.[2] *Id.* at 1–2. When Perkins returned from his suspension, he was offered overtime in the same job from which he was suspended, which he accepted due to fear of retaliation if he declined. *Id.* at 2.

During the three years he was banned from applying for other jobs, Perkins obtained specialized certifications and enrolled in college, hoping to gain additional skills and education and increase his chances of securing a promotion. *Id.* at 1–2. He also asserts that while the ban was still in effect, he experienced "harassment, verbal assault, [and] threats from management" to do "bodily harm" to him, which he reported to the City's Human Resources ("HR") Department. *Id.* at 3. Since the ban expired in June 2021, Perkins has applied for eleven different positions with the City. *Id.* at 2. Perkins interviewed for each position, including a position he held on temporary assignment at the time he applied, but he was not selected for any of them. *Id.* at 3.

On March 30, 2022, Perkins contacted the Equal Employment Opportunity Commission ("EEOC") to report his concerns about his experiences, and the EEOC opened an investigation on his behalf after he filed a charge of discrimination on April 13, 2022. *Id.*; *see also* ECF No. 22-1 (the "Charge"). In his Charge, Perkins stated that he applied for a promotion with the City but was not selected for the position despite his qualifications,

---

[2] In its answer, the City alleges that these disciplinary actions against Perkins were implemented due to violations of several provisions of the City's Civil Service Commission Rules relating to providing false or misleading information in the hiring process. *See* ECF No. 10 ¶ 10(2). The City does not, however, explain the factual basis for these alleged violations.

2

and that he believes this was due to racial discrimination or retaliation for "participating in protected activity," though he does not specify what the "protected activity" was. ECF No. 22-1. The parties participated in mediation in June 2022, but no settlement was reached.[3] ECF No. 1-1 at 1. Following the mediation, Perkins requested a Right-to-Sue letter from the EEOC, which he received on September 20, 2023. *Id.* at 3; ECF No. 1-2.

At some point, Perkins contacted the City's Employee Assistance Program, which referred him to the Associated Clinic of Psychology. *Id.* at 4. Perkins was diagnosed with a sleeping disorder, stress, high blood pressure, anxiety, and depression, and he asserts these conditions are a result of the City's discriminatory conduct. *Id.* Perkins accuses the City of violating Title VII for failure to promote and harassment on the basis of his race. ECF No. 1 at 3–5. Perkins also alleges the City's failure to promote him was due to retaliation against him for engaging in protected conduct. *Id.* The City denies Perkins's allegations and seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See generally* ECF No. 10.

## ANALYSIS

### I.   Legal Standard

Motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) are assessed under the same standard as motions to dismiss under Rule 12(b)(6). *Coons v.*

---

[3]   While some details of the parties' mediation were shared in Perkins's filings, ECF Nos. 1-1, 27 at 2, the Court does not consider any information related to settlement negotiations in reaching its decision on the City's Motion for Judgment on the Pleadings. *See* Fed. R. Evid. 408.

*BNSF Ry. Co.*, 268 F. Supp. 3d 983, 987 (D. Minn. 2017) (citing *Haney v. Portfolio Recovery Assocs., L.L.C.*, 837 F.3d 918, 924 (8th Cir. 2016)). Thus, to survive a motion for judgment on the pleadings, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

A court considering a Rule 12(c) motion "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Corwin v. City of Indep.*, 829 F.3d 695, 699 (8th Cir. 2016) (citation omitted). A court may consider the parties' pleadings, relevant public records, and documents "attached to or necessarily embraced by the pleadings." *Unbehaun v. Minn. Energy Res. Corp.*, No. 23-cv-1145 (NEB/DTS), 2024 WL 2953101, at *2 (D. Minn. June 5, 2024) (citing *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008)). But mere recitals of the elements of a cause of action supported only by conclusory statements are insufficient, and legal conclusions asserted as factual allegations "are not entitled to a presumption of truth." *Coons*, 268 F. Supp. 3d at 987 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And while "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers . . . even a *pro se* complaint must allege facts, and not just bare, unsupported, legal conclusions." *Martin v. Benson*, 827 F. Supp. 2d 1022, 1025 (D. Minn. 2011) (citations omitted).

"Judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Yang v. City of*

*Minneapolis*, 607 F. Supp. 3d 880, 889 (D. Minn. 2022) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)).

## II. Perkins's Title VII Claims

The City raises two central arguments in support of its motion. First, the City asserts that Perkins failed to exhaust his administrative remedies with the EEOC relating to his harassment claim because the Charge does not identify "harassment" as a basis for the discrimination Perkins alleges he suffered. *See* ECF No. 21 at 6–8. Second, the City contends that Perkins failed to plead facts that plausibly support the elements of his failure-to-promote and retaliation claims. *See id.* at 6. Perkins does not offer a response to the City's first argument, but in response to the second, Perkins contends that the City is attempting to hold him to an evidentiary standard that is improper at the pleadings stage and that he is not required to "mechanically plead" each element of his claims. ECF No. 27 at 6. The Court agrees with the City.

### A. Harassment

A plaintiff alleging unlawful employment practices under Title VII must first exhaust his administrative remedies with the EEOC before filing suit in court. *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 989 (8th Cir. 2011); *see* 42 U.S.C. § 2000e-5(f)(1). To determine which claims a plaintiff has exhausted, a court "look[s] to the boxes the complainant checked on the [EEOC] charge of discrimination . . . and the narrative description of the allegations." *Thomas v. St. Louis Bd. of Educ.*, No. 4:19-cv-198 CAS, 2019 WL 3323028, at *2 (E.D. Mo. July 24, 2019) (citations omitted). A plaintiff's administrative remedies are deemed exhausted "as to all incidents of discrimination that

5

are like or reasonably related to the allegations of the [EEOC] charge" upon the plaintiff's receipt of a right-to-sue letter. *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 539 (8th Cir. 2020) (internal quotation marks and citation omitted). "[A]n EEOC complaint need not specifically articulate the precise claim." *Humphries v. Pulaski Cnty. Special Sch. Dist.*, 580 F.3d 688, 697 (8th Cir. 2009) (citation omitted). But while courts "liberally construe an [EEOC] charge for exhaustion of remedies purposes," courts also recognize that "there is a difference between liberally reading a claim which lacks specificity, and inventing, [out of nothing], a claim which simply was not made." *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (internal quotation marks and citations omitted). In short, "a plaintiff may not bring a claim that was not included in the administrative charge to the EEOC." *Thomas*, 2019 WL 3323028, at *2; *see also Paskert*, 950 F.3d at 539 ("[T]he scope of a civil suit before a district court . . . is limited to the claims properly brought before the appropriate administrative body . . . .").

A review of Perkins's Charge[4] shows that Perkins alleged only failure to promote and retaliation, not harassment. *See* ECF No. 22-1. Specifically, Perkins alleged only that he did not receive a promotion for which he was qualified and believes this was due to racial discrimination, which he does not describe, or retaliation for participating in some protected activity, which he does not identify. *See id.* Indeed, the brief narrative in the

---

[4] Perkins's Charge is attached to the Declaration of Heather P. Robinson submitted by the City in support of its motion. *See* ECF No. 22-1. Although the Charge is not attached to either party's pleadings, the Charge is a matter of public record which may be considered on a motion for judgment on the pleadings. *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011).

Charge does not use the words "harassment" or "hostile work environment," nor does Perkins describe any incidents of harassment or allege any facts from which the Court could reasonably infer harassment occurred. *See Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 799 (8th Cir. 2021) ("To establish a prima facie case for hostile work environment, a plaintiff must show . . . [he] was subjected to unwelcome harassment.") The Court cannot construe, liberally or otherwise, allegations that are not presented in the Charge. *See Sellers*, 791 F.3d at 943. Therefore, the Court concludes that Perkins failed to exhaust his administrative remedies pertaining to his harassment claim and may not proceed with that claim in this Court. *See, e.g.*, *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 926, 931 (8th Cir. 2011) (affirming dismissal of Title VII claims of gender and disability discrimination for failure to exhaust administrative remedies where the plaintiff's EEOC charge alleged only racial discrimination).

Additionally, and importantly, Perkins's complaint alleges that the latest date on which *any* alleged discrimination occurred was March 28, 2022, *see* ECF No. 1 at 3, meaning Perkins had to file an EEOC charge for claims related to the events described in his complaint by September 24, 2022. *See* 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within [180] days after the alleged unlawful employment practice occurred . . . ."); *see also Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 534 (8th Cir. 2018) (citation omitted). As a result, Perkins is time-barred from filing a new EEOC charge based on the events described in the complaint relating to harassment and is incapable of exhausting his administrative remedies pertaining to his harassment claim.

For these reasons, Perkins's harassment claim must be dismissed.

B.     **Failure to Promote**

To establish a prima facie case for failure to promote, a plaintiff must show that "(1) he is a member of a protected group; (2) he was qualified and applied for an available position; (3) he was rejected; and (4) employees similarly situated but not part of the protected group were promoted instead." *Ross v. Kan. City Power & Light Co.*, 293 F.3d 1041, 1046 (8th Cir. 2002) (citation omitted). However, "[g]iven that this prima facie model is an evidentiary, not a pleading standard, the complaint's allegations must only give plausible support to these elements." *Clobes v. 3M Co.*, 106 F.4th 803, 807 (8th Cir. 2024) (internal quotation marks and citation omitted).

Perkins is correct that he is not required to "mechanically plead" each element of a prima facie failure-to-promote case. Even so, his complaint still falls short of "rais[ing] a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. To be sure, Perkins's pleadings, including the allegations in the Charge, plausibly support the first three elements of his claim: Perkins is a member of a protected group, ECF No. 22-1; he applied for available positions for which he alleges he was qualified, ECF No. 1-1 at 1–2; and he was not selected for those positions, *id.* at 3. But Perkins makes no mention of the race or ethnicity of any person who was selected for a position over him, nor does he allege any facts to support any allegation that they were similarly situated to him but not part of a protected group. That will not suffice. *See Garrison v. Minn. Dep't of Revenue*, No. 23-cv-3485 (KMM/DTS), 2024 WL 4239253, at *6 (D. Minn. Sept. 19, 2024) (dismissing Title VII claim alleging failure to promote due to racial discrimination where the plaintiff

did "not allege any details" about whether the positions at issue "were filled with people of a different race").

Consequently, Perkins's claim for failure to promote due to racial discrimination must be dismissed.

### C.     Retaliation

To state a claim for retaliation under Title VII, a plaintiff must plead facts sufficient to plausibly allege that "(1) [he] engaged in statutorily protected conduct; (2) [he] suffered an adverse employment action; and (3) a causal connection exists between the two." *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 372 (8th Cir. 2017) (internal quotation marks and citation omitted); *see Clobes*, 106 F.4th at 807.  In the context of Title VII, protected conduct "can be either opposing an act of discrimination made unlawful by Title VII . . . or participating in an investigation under Title VII." *Hunt v. Neb. Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002) (citation omitted); *see* 42 U.S.C. § 2000e-3(a).  "An adverse employment action is a disadvantageous change to the compensation, terms, conditions, or privileges of employment." *Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110, 1114 (8th Cir. 2024) (citations omitted); *see also* 42 U.S.C. § 2000e-2(a).  To show a causal connection, a plaintiff must show "that [his] opposition to unlawful discrimination was the 'but for' cause of the employer's adverse action." *Porter v. City of Lake Lotawana*, 651 F.3d 894, 898 (8th Cir. 2011) (citation omitted).  "[A]n important consideration is the length of time between the protected activity and the adverse action." *Meinen v. Bi-State Dev. Agency*, 101 F.4th 947, 950 (8th Cir. 2024) (citation omitted).

9

Even accepted as true, Perkins's factual allegations are insufficient to establish a causal connection between the claimed protected activity and the adverse employment action he claims occurred, such as the City's failure to hire or promote him.[5] That is because the protected conduct upon which the adverse employment action was based must have involved opposing a discriminatory employment practice that is prohibited by Title VII—discrimination due to "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see Warren v. Kemp*, 79 F.4th 967, 974 (8th Cir. 2023) (citation omitted). Perkins alleges he raised complaints to the City's HR Department and later filed his Charge with the EEOC regarding the "harassment, verbal assault, [and] threats" he experienced, ECF No. 1-1 at 3, but he pleads no facts to plausibly support an inference that his experiences were related to his race.[6] Again, that will not suffice. *See Smith v. Int'l Paper Co.*, 523 F.3d 845, 849 (8th Cir. 2008) (holding that an employee's complaint to his

---

[5] Failure to promote can constitute an adverse employment action. *AuBuchon v. Geithner*, 743 F.3d 638, 643 (8th Cir. 2014).

[6] Perkins did not plead specific facts regarding the "harassment, verbal assault, [and] threats" referenced in his complaint, but he supplements those allegations in his opposition to the City's motion with more details about three such incidents. *See* ECF No. 27 at 3. Courts have a "duty to construe liberally a *pro se* party's pleadings." *Boldon v. Messerli & Kramer, P.A.*, 92 F. Supp. 3d 924, 929 (D. Minn. 2015) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a litigant," even one acting pro se, "may not amend his pleadings in his brief in response to a dispositive motion." *Harvey v. Becerra*, No. 21-cv-2693 (ECT/JFD), 2022 WL 4244601, at *4 (D. Minn. Aug. 25, 2022) (citing *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)) (disregarding additional, unpled facts in a *pro se* plaintiff's brief in opposition to a motion to dismiss). Thus, the factual allegations in Perkins's opposition to the City's motion that are not contained within his complaint, *see* ECF No. 27 at 2–4, are not properly before the Court. Regardless, even if the Court considered those allegations, and assuming (without deciding) that they would satisfy the protected-activity element for pleading purposes, Perkins still has not sufficiently pled causation. *See* ECF No. 28 at 6–7.

employer's HR department about a supervisor "yelling, cussing, and hollering at" the employee, "with no reference to 'race, color, . . . or national origin,' does not constitute protected conduct" for Title VII purposes).

Further, even assuming, without deciding, that Perkins's reports to HR were protected conduct, Perkins's retaliation claim still fails on the causation element. For example, Perkins alleges that he interviewed for a position on December 19, 2021, and was informed three weeks later that he was not selected. ECF No. 1-1 at 3. He interviewed again for that position on March 10, 2022, and again was not selected. *Id.* But Perkins does not allege any facts to suggest that the City's decision not to hire him for that position was related in any way to his HR reports. Perkins also does not identify any specific dates on which he reported any harassment to HR relative to when he was rejected for the positions for which he applied, so, given this record, temporal proximity cannot supply the missing link. *See Meinen*, 101 F.4th at 950.

Ultimately, Perkins's retaliation claim rests upon speculative and conclusory allegations that retaliation occurred, but such allegations are insufficient to survive scrutiny under Rule 12(c). *See Coons*, 268 F. Supp. 3d at 987; *Twombly*, 550 U.S. at 555. Accordingly, Perkins's retaliation claim must be dismissed.

### III. Type of Dismissal

The City requests dismissal with prejudice of Perkins's complaint in its entirety. ECF No. 18. "Courts ultimately have discretion to decide between a dismissal with prejudice and one without prejudice." *Harris v. Medtronic Inc.*, 729 F. Supp. 3d 869, 883 (D. Minn. 2024) (citation omitted). Although dismissals without prejudice are favored in

this Circuit, *see Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir. 1983), dismissal with prejudice "is typically appropriate when a plaintiff has shown persistent pleading failures despite one or more opportunities to amend or when the record makes clear that amendment would be futile," *Harris*, 729 F. Supp. 3d at 883 (internal quotation marks and citations omitted).

Perkins's harassment claim cannot "conceivably be repleaded with success" due to the time bar on raising the prerequisite EEOC charge necessary to exhaust his administrative remedies. *Id.* (citation omitted). Therefore, Perkins's harassment claim is dismissed with prejudice. *See Brinkman v. Nasseff Mech. Contractors Inc.*, 251 F. Supp. 3d 1266, 1276–77 (D. Minn. 2017) (dismissing Title VII gender discrimination and retaliation claims with prejudice where plaintiff filed EEOC charge "four days too late" and thus could not exhaust administrative remedies).

Perkins's failure-to-promote and retaliation claims are different, however, and the Court does not believe Perkins's pleadings as to those claims are "so deficient or defective" that he could not cure the defects in his complaint. *See Perez v. Bank of Am., N.A.*, No. 13-cv-2437 (JRT/JSM), 2014 WL 2611838, at *11 n.6 (D. Minn. June 10, 2014) (citations omitted). Accordingly, the Court dismisses Perkins's failure-to-promote and retaliation claims without prejudice. In light of Perkins's *pro se* status, however, the Court grants Perkins leave to amend his complaint to attempt to cure the defects therein within thirty

12

days of entry of this Order.[7]  If Perkins chooses not to file an amended complaint within thirty days, the Court will enter judgment dismissing this case.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The City's Motion for Judgment on the Pleadings (ECF No. 18) is **GRANTED**;

2. Perkins's claim for harassment under Title VII is **DISMISSED WITH PREJUDICE**;

3. Perkins's claims for failure to promote and retaliation under Title VII are **DISMISSED WITHOUT PREJUDICE**;

4. Perkins may file an amended complaint regarding his failure-to-promote and harassment claims within thirty days of the entry of this Order; and

5. If Perkins does not file an amended complaint within thirty days of the entry of this Order, the Court will enter judgment dismissing this case.

Dated: January 29, 2025                              *s/Laura M. Provinzino*
                                                     Laura M. Provinzino
                                                     United States District Judge

---

[7]  Of course, this should not be taken as an indication of the Court's view about the merits of Perkins's failure-to-promote and retaliation claims.