UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BYRON L. PERKINS, | Case No. 23-cv-3810 (LMP/ECW) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |
| CITY OF MINNEAPOLIS, | |
| Defendant. | |

Plaintiff Byron L. Perkins ("Perkins") filed a motion seeking relief from the judgment dismissing this action entered on March 7, 2025. ECF No. 36. For the reasons discussed below, Perkins's motion is denied.

## BACKGROUND[1]

Perkins brought this suit against Defendant City of Minneapolis (the "City") asserting claims of failure to promote, retaliation, and harassment under Title VII of the Civil Rights Action of 1964. *See* ECF No. 1 at 4–5. Shortly after answering Perkins's complaint, ECF No. 10, the City moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), ECF No. 18. On January 29, 2025, the Court entered an order (the "January 29 Order") granting the City's motion, dismissing Perkins's harassment

---

[1] The factual and procedural background in this matter is more fully set forth in the Court's prior orders granting the City's motion for judgment on the pleadings, *see* ECF No. 32 at 1–3, and directing entry of judgment dismissing this case, *see* ECF No. 34 at 1–2. The Court incorporates those recitations of the background by reference and highlights facts pertinent to resolving Perkins's present motion here.

claim with prejudice, and dismissing Perkins's failure-to-promote and retaliation claims without prejudice. ECF No. 32 at 13. In light of Perkins's pro se status, the Court reserved entry of final judgment and, without a request from Perkins, granted Perkins leave to amend his complaint by February 28, 2025. *See id.* at 12–13. The Court warned that if Perkins did not file an amended complaint by that date, the Court would "enter judgment dismissing this case." *Id.* at 13.

Perkins filed a document he titled "Affidavit" on February 28, 2025. ECF No. 33. The "Affidavit," which was formatted as a brief,[2] largely repeated the arguments Perkins raised in his response to the City's motion for judgment on the pleadings—which was also titled "Affidavit." *Compare* ECF No. 33 (Perkins's "Affidavit" filed February 28, 2025), *with* ECF No. 27 (Perkins's response to the City's Rule 12(c) motion). Perkins did, however, raise new facts he had not previously pleaded. ECF No. 34 at 1–2.

After reviewing Perkins's "Affidavit," the Court determined that it did not comply with the January 29 Order because "the Court authorized Perkins to file an amended complaint, not additional argument in response to a motion the Court ha[d] already decided." *Id.* at 2. As for the additional facts Perkins included in the "Affidavit," the Court again reminded Perkins, as it had in the January 29 Order, that "'a litigant,' even one acting pro se, 'may not amend his pleadings in his brief in response to a dispositive motion.'" *Id.*

---

[2]   For example, the first page of Perkins's February 28 "Affidavit" contains a heading that reads "PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITI[O]N TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT." ECF No. 33 at 1.

2

at 2 (quoting ECF No. 32 at 10 n.6). The Court therefore entered an order on March 6, 2025 (the "March 6 Order") directing that judgment be entered dismissing this action, in accordance with the January 29 Order. *Id.* at 2–3. Judgment was entered the following day. ECF No. 35.

On April 4, 2025, Perkins filed a motion for relief from the March 6 Order and judgment. ECF No. 36. Perkins asks the Court to vacate the judgment dismissing this case and asserts that his "failure to properly file an amended complaint by the Court-ordered deadline constitutes excusable neglect that warrants relief under Rule 60(b)(1)." *Id.* at 1. Perkins also filed an amended complaint on April 7, 2025. ECF No. 38.

The City responded to Perkins's motion on April 28, 2025.³ ECF No. 39. The City asserts that Perkins's neglect is not excusable and that, in any event, Perkins's proposed amendments do not remedy the deficiencies identified in the January 29 Order. *See id.* at 5–13. The City urges the Court to deny Perkins's motion. *Id.*

---

³ Under this District's Local Rules, the City's response was due within twenty-one days of the filing of Perkins's motion—that is, by April 25, 2025. *See* D. Minn. L.R. 7.1(c)(2) (requiring responses to dispositive motions "[w]ithin 21 days after filing of a dispositive motion"); D. Minn. L.R. 7.1(b)(4)(B) (noting that the subsection of Local Rule 7.1 governing non-dispositive civil motion practice "does not apply to . . . post-trial and post-judgment motions"). The City's response is therefore untimely. Nevertheless, the Court will consider the City's argument because "[a]pplication of local rules is a matter peculiarly within the district court's province," and "it is within the district court's broad discretion to 'determine what departures from its rules may be overlooked.'" *Woodward v. Credit Serv. Int'l Corp.*, 132 F.4th 1047, 1055 (8th Cir. 2025) (quoting *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 489 (8th Cir. 1992)). And it is appropriate here where the Court benefits from the input and briefing of both parties.

# ANALYSIS

## I. Legal Standard

Under Federal Rule of Civil Procedure 60(b), a district court may relieve a party from a final judgment, order, or proceeding for, among other reasons, the party's "excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b) is to be given a liberal construction so as to do substantial justice and to prevent the judgment from becoming a vehicle of injustice." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996) (cleaned up). The relief provided under Rule 60(b) is "extraordinary," however, and "may be granted only upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (citation omitted). District courts have "wide discretion" in ruling on Rule 60(b) motions. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

## II. Excusable Neglect

When determining whether a party's neglect is excusable, district courts consider: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the moving party acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the moving party. *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 368 (8th Cir. 2018) (citation omitted); *accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The determination as to what constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances." *Pioneer*, 507 U.S. at 395.

Perkins argues that his noncompliance with the January 29 Order constitutes excusable neglect, largely citing his pro se status. *See* ECF No. 36 at 1–4. The City opposes any further opportunities for Perkins to amend his pleadings, asserting that Perkins's noncompliance with the January 29 Order was in bad faith and, in any event, was not the product of excusable neglect. *See* ECF No. 39 at 7–11.

The first two factors—the danger of prejudice to the City and the impact on judicial proceedings—weigh in favor of Perkins. Given the early stage of these proceedings, there is little danger of prejudice to the City. And any delay caused by permitting Perkins another opportunity to amend his pleadings and its impact on this case is likely minimal and would not impact judicial proceedings in any appreciable way.[4]

The third factor—whether Perkins has acted in good faith—likewise weighs in Perkins's favor. When assessing this factor, district courts should "distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules," on the one hand, and a "marginal failure" to adhere to procedural requirements, on the other. *Giles*, 908 F.3d at 369 (citation omitted). Here, the Court does not believe that Perkins has "exhibit[ed] an intentional flouting or disregard of the court and its procedures," *id.* (citation omitted), and nothing in the record suggests he otherwise acted in bad faith over the course of this litigation.

---

[4] The City raises concerns regarding prejudice it may suffer and the delay to the proceedings if Perkins is permitted to amend his complaint, specifically relating to whether discovery would be reopened. *See* ECF No. 39 at 7–8. The City concedes, however, that "if there is no discovery extension . . . there is no prejudice to it, and that the delay to the proceedings . . . is minimal." *Id.* at 8.

But the "final and most important factor," *id.*—the reason for the delay—weighs heavily against Perkins. Perkins asserts that his "failure to properly file an amended complaint was not due to willful disregard of the Court's order or strategic decision-making, but rather a good faith misunderstanding of the proper procedure," and raises his status as "a pro se litigant who may not fully understand complex procedural requirements" as support for a finding of excusable neglect. ECF No. 36 at 3. It is true that "[c]ourts must liberally construe pro se complaints." *Barnett v. Short*, 129 F.4th 534, 539 (8th Cir. 2025). Indeed, the Court acknowledged its duty to liberally construe Perkins's complaint in assessing the City's motion for judgment on the pleadings, ECF No. 32 at 4, and cited Perkins's pro se status as the reason for sua sponte granting Perkins leave to amend his complaint, *id.* at 12–13. But Perkins was authorized "to amend his complaint to attempt to cure the defects therein." *Id.* Perkins, instead, filed a document titled "Affidavit," which was styled as a brief and mostly reiterated Perkins's legal arguments in response to the City's motion for judgment on the pleadings—which the January 29 Order resolved. *See generally* ECF No. 33. It did little to attempt to address the Court's concerns with the complaint's deficiencies. "[N]either a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect." *Giles*, 908 F.3d at 369 (citation omitted).

Perkins's suggests that titling his filing "Affidavit" was merely a mistake, which implies that he believes the submission was otherwise compliant with the January 29 Order. *See* ECF No. 36 at 3. That argument is unpersuasive and undermined by Perkins's other filings in this case. Perkins demonstrated his understanding of what is meant by

6

"complaint" when he initiated this case, using a form complaint that is available from this District's website[5] titled "Employment Discrimination *Complaint*." ECF No. 1 at 1 (emphasis added). The Court plainly and unambiguously referenced Perkins's complaint throughout the January 29 Order. *See generally* ECF No. 32. Further, Perkins previously filed a document titled "Affidavit," which contained his response to the City's motion for judgment on the pleadings and is substantially similar to the "Affidavit" Perkins filed in response to the January 29 Order. *Compare* ECF No. 27, *with* ECF No. 33. As the City notes, "[n]o one reading this document could believe that [Perkins] intended to entitle it 'Amended Complaint' and simply gave it a mistaken title." ECF No. 39 at 10. And while the latter "Affidavit" contained some new facts, the Court expressly noted in the January 29 Order that "'a litigant,' even one acting pro se, 'may not amend his pleadings in his brief in response to a dispositive motion.'" ECF No. 32 at 10 n.6 (quoting *Harvey v. Becerra*, No. 21-cv-2693 (ECT/JFD), 2022 WL 4244601, at *4 (D. Minn. Aug. 25, 2022)). In short, the noncompliance of Perkins's second "Affidavit" with the January 29 Order extends well beyond the title of the document.

Finally, though Perkins has acted pro se since the outset of this case, the Court notes that "excusable neglect" under Rule 60(b) generally "does not include ignorance or carelessness on the part of an attorney." *Giles*, 908 F.3d at 369 (citation omitted). Again, the Court is mindful of its duty to hold pro se complaints "to less stringent standards than

---

[5] *See Forms*, U.S. DIST. CT., DIST. OF MINN. (last visited Apr. 30, 2025), https://www.mnd.uscourts.gov/forms-0 [https://perma.cc/TU9V-PGKL].

formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But even pro se litigants are not excused from "complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.").

Perkins chose to represent himself in this matter,[6] and in doing so, he agreed to adhere to the Federal Rules of Civil Procedure, this District's Local Rules, and the directives of this Court. Litigation is challenging. And the procedures and rules to which courts expect parties to adhere may—and very likely do—appear arbitrary to non-lawyers. But the January 29 Order gave Perkins clear and "meaningful notice of what [was] expected of him." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). And as a self-represented party, it was Perkins's responsibility to ensure he complied with the Court's directive. *See Ackra Direct Mktg.*, 86 F.3d at 856–57; *Soliman*, 412 F.3d at 922; *see also Burgs*, 745 F.2d at 528 ("[T]he court is not permitted to act as counsel for either party."). Perkins did not do that here.

In sum, although the delay is relatively brief, there is little danger of prejudice to the City, and there is no indication Perkins has acted in bad faith, "these factors do not outweigh [Perkins's] carelessness or mistakes in construing the rules" or the January 29 Order's

---

[6] The Court referred Perkins to this District's *Pro Se* Project in June 2024, ECF No. 6, but no attorney has entered an appearance on Perkins's behalf.

directive. *Giles*, 908 F.3d at 369. Perkins's neglect cannot be excused. Accordingly, Perkins's motion for relief from the judgment is denied.

## III. Futility of Amendment

Although the Court need not reach the issue in light of the holding above, a brief discussion of Perkins's proposed amended complaint, ECF No. 38, is reasonable considering the additional facts included therein. Setting aside excusable neglect, the City opposes any amendment of Perkins's complaint because the submissions Perkins has filed show that amendment would be futile. *See* ECF No. 39 at 11–13. The Court agrees.

Under Rule 15,[7] courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). But "a party is not entitled to amend a complaint without making a showing that such an amendment would be able to save an otherwise meritless claim." *Plymouth County v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014). In addition, a court may deny leave to amend a complaint "if the party is seeking to amend the pleadings after the district court has dismissed the claims [he] seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so." *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (citation omitted).

---

[7] Although Perkins did not file a formal motion seeking leave to amend his complaint, the Court excuses this procedural deficiency because it understands the amended complaint Perkins filed to be Perkins's belated attempt at complying with the January 29 Order. *See GWG DLP Funding V, LLC v. PHL Variable Ins. Co.*, 54 F.4th 1029, 1036 (8th Cir. 2022) (internal quotation marks omitted) (citation omitted) ("The failure to file a formal motion to amend a complaint is not necessarily fatal as long as [the plaintiff] show[s] a willingness to amend the complaint.").

9

In the January 29 Order, the Court identified at least two deficiencies in Perkins's original complaint relating to his failure-to-promote and retaliation claims that Perkins's proposed amended complaint do not remedy. First, pertaining to the failure-to-promote claim, the Court noted that Perkins was required to plead facts showing that a different person who is similarly situated to Perkins, but not part of the same protected group, was promoted instead of him. *See* ECF No. 32 at 8–9. In his original complaint, Perkins "[made] no mention of the race or ethnicity of any person who was selected for a position over him, nor does he allege any facts to support any allegation that they were similarly situated to him but not part of a protected group." *Id.* at 8. Perkins partially remedies these deficiencies in his amended complaint by pleading that white men were hired for four of the positions for which Perkins applied. *See* ECF No. 38 at 7. But Perkins includes no allegations that suggest those individuals were otherwise similarly situated to Perkins such that there is a plausible inference of racial discrimination, noting only that he "question[s]" their "background[s] and education." *Id.* at 15. Perkins's amended complaint thus still does not state a claim for failure to promote. *See Clobes v. 3M Co.*, 106 F.4th 803, 807 (8th Cir. 2024) (citation omitted) (holding a plaintiff's allegations must "give plausible support" to the elements of a failure-to-promote claim to survive a Rule 12 motion).

Second, turning to the retaliation claim, the Court explained that Perkins must plead facts sufficient to establish a causal connection between any protected conduct undertaken by Perkins (such as reporting incidents of harassment to the City's Human Resources ("HR") department) and the adverse employment action he claims to have suffered (the City's failure to promote him to the positions for which he applied). *See* ECF No. 32 at 9–

11. But in his original complaint, Perkins "[did] not allege any facts to suggest that the City's decision not to hire him" for any of the positions for which he applied "was related in any way to his HR reports." *Id.* at 11. Further, Perkins "[did] not identify any specific dates on which he reported any harassment to HR relative to when he was rejected for the positions for which he applied," so "temporal proximity [could not] supply the missing link." *Id.* Perkins's amended complaint does not address, much less remedy, this deficiency.

The Court, on its own initiative, granted Perkins leave to amend his complaint in the interest of affording him an opportunity to litigate his claims on the merits. Despite being "put on notice of the need to change the pleadings," *Horras*, 729 F.3d at 804 (citation omitted), Perkins has not remedied key deficiencies in his complaint and still fails to state a valid claim for relief. As a result, the Court will not permit further amendment of Perkins's complaint and will not disturb the judgment entered in this case.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Perkins's Motion for Relief from Order Dismissing Case (ECF No. 36) is **DENIED**.

Dated: May 28, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge